GEORGE A. STOHNER (State Bar No. 214508)
**FAEGRE BAKER DANIELS LLP**
11766 Wilshire Blvd.
Los Angeles, CA 90025-6543
Telephone:  310.500.2090
Facsimile:   310.500.2091
Email: George.Stohner@faegrebd.com

Attorneys for Defendant
The Dow Chemical Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SEAN R. STAFFORD, an individual,

        Plaintiff,

        v.

THE DOW CHEMICAL COMPANY, an entity, and DOES 1 through 100, inclusive,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 5:18-CV-2052

**DEFENDANT THE DOW CHEMICAL COMPANY'S NOTICE OF REMOVAL**

Complaint Filed:  August 23, 2018

PLEASE TAKE NOTICE THAT Defendant The Dow Chemical Company ("Dow") removes the above-entitled case from the Superior Court of the State of California, County of San Bernardino, to the United States District Court, Central District of California.  Removal is warranted under 28 U.S.C. § 1441(b) because this is a diversity action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

**THE REMOVED CASE**

1.     The removed civil action was filed on August 23, 2018, in the Superior Court of the State of California, County of San Bernardino, and is styled *Sean R.*

US.119881295.01

*Stafford v. The Dow Chemical Company, et al.*, Case No. CIVDS1822078. A true and correct copy of the Complaint for Damages ("Complaint") filed by Plaintiff Sean Stafford is attached as Exhibit A.

2. Dow was served with the complaint on August 24, 2018. The process served upon Defendant is attached as Exhibit B.

3. In the Complaint, Stafford asserts claims related to his former employment with Dow, including, *inter alia*, claims for discrimination based on age and disability and medical condition, failure to pay overtime and provide meal and rest breaks, and retaliation. (Ex. A). He alleges, among other things, that Dow discriminated and retaliated against him by terminating his employment. (*Id.* at ¶ 16.)

4. Plaintiff claims he is entitled to lost wages, punitive damages, and attorneys' fees. (*Id.*, Prayer for Relief).

5. This action is appropriately removed to federal court pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Dow, and because the amount in controversy is in excess of $75,000.

## DOW HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

6. Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a); *see also* Ex. A, ¶ 4.

7. Removal is timely because, under 28 U.S.C. § 1446(b), the notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. Dow was served with the Complaint on August 24, 2018. (*See* Ex. B.) Defendant's Notice of Removal is therefore timely filed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

8. No previous request for relief has been made for the relief requested herein.

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff and a copy is being filed with the Clerk of Court for the Superior Court of the State of California for the County of San Bernardino.

10. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Dow are attached as Exhibits A and B.

## THE PARTIES ARE DIVERSE

11. This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446. Pursuant to 28 U.S.C. § 1441(b), suits that do not arise under federal law are removable "if none of the parties in interest properly joined and served as defendant is a citizen of the State in which such action is brought." The only further requirement for diversity jurisdiction is that the amount in controversy exceed $75,000.

12. Complete diversity of citizenship exists.

13. Plaintiff alleges he is a resident of the State of California. (Ex. A ¶ 3.)

14. State citizenship for diversity purposes requires that the individual be domiciled in that state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

15. Dow is headquartered in Midland, Michigan. It is incorporated in Delaware.

16. For purposes of diversity of citizenship, a corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). As Dow is incorporated in Delaware and has its principal place of business in Michigan, pursuant to 28 U.S.C. § 1332(c)(1), Dow is a citizen of both Delaware and Michigan. Dow is not currently, nor has it

3

been at any point since the time of the filing of this lawsuit in state court, a citizen of the State of California within the meaning of the Acts of Congress relating to the removal of cases.

## AMOUNT IN CONTROVERSY

17.    A defendant can establish the amount in controversy by the allegations in the complaint, or by setting forth facts in the notice of removal that demonstrate the amount in controversy.  *Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998); *Gaus v. Miles, Inc.*, 980 F.2d 564, 576 (9th Cir. 1992).  A lengthy list of damages claimed in the complaint may establish the amount in controversy exceeds $75,000.  *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).

18.    In addition, attorneys' fees and costs of suit may be considered when determining if the amount in controversy exceeds $75,000.  *Galt G/S v. JSS Scandanavia*, 142 F.3d 1150 (9th Cir. 1998).

19.    The face of the Complaint establishes that Plaintiff seeks damages well in excess of $75,000.  Plaintiff alleges he is entitled to, among other things, lost wages, punitive damages, and attorneys' fees.  (Exhibit A, Prayer for Relief).

20.    His claims under the California Fair Employment and Housing Act, for example, provide for both the award of attorneys' fees and punitive damages in appropriate circumstances.  *See* Gov. Code § 12965(b) (providing for attorneys' fees to prevailing plaintiffs in FEHA cases); *Weeks v. Baker McKenzie*, 63 Cal. App. 4th 1128, 1147-48 (Cal. App. 1998) ("The FEHA itself does not authorize punitive damages[, but it is] settled that California's punitive damages statute, Civil Code Section 3294, applies to actions brought under the FEHA . . . .").

21.    Thus, Dow respectfully submits that the face of the Complaint alone is sufficient to establish that the amount in controversy exceeds $75,000.  However, Defendant further offers the declaration of Laurie Ann Temper, attached as Exhibit C,

4

which establishes that Plaintiff's monthly salary at the time of his employment termination in October 2017 was $5,060.00 in base pay alone, excluding any overtime. Accordingly, if Plaintiff were to prevail on his claims and receive backpay alone for the pendency of this lawsuit, his damages would almost certainly exceed $75,000.[1]

22.     Thus, Plaintiff's claim for lost compensation alone satisfies the jurisdictional amount threshold for the amount in controversy. Combined with his alleged entitlement to punitive damages and attorneys' fees, there is no question Plaintiff has put more than $75,000 in controversy through the filing of his lawsuit.

WHEREFORE, Defendant Dow respectfully removes the action now pending against it in the Superior Court of the State of California, County of San Bernardino, to this Honorable Court, and requests this Court retain jurisdiction for all further proceedings.

Dated:  September 24, 2018                    **FAEGRE BAKER DANIELS LLP**


By:  _s/ George A. Stohner_
        GEORGE A. STOHNER
        Attorneys for Defendant
        The Dow Chemical Company

---

[1] Eleven months have elapsed since Plaintiff's termination as of the date of this Notice of Removal, bringing Plaintiff's total back pay claim to at least $55,660 (excluding any overtime award). It is reasonable to assume this litigation will remain pending for at *least* four months before Plaintiff receives any judgment in his favor, which is all it would take to reach a total back pay award of over $75,000. (Four months plus eleven months at $5,060 per month = $75,900).

5

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am a citizen of the United States and employed by Faegre Baker Daniels LLP. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11766 Wilshire Blvd., Suite 750, Los Angeles, CA 90025.

On **September 24, 2018**, I served a copy of the within document(s):

**DEFENDANT THE DOW CHEMICAL COMPANY'S NOTICE OF REMOVAL**

| ☑ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. |
|---|---|

Andranik.Tsarukyan
Armen Zenjiryan
**REMEDY LAW GROUP LLP**
610 E. Providencia Ave., Unit B
Burbank, CA 91501
Tel. (818) 422-5941
Email: andy@remedylawgroup.com;
armen@remedylawgroup.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **September 24, 2018**, at Los Angeles, California.

_____
Liliana R. Hernandez

CERTIFICATE OF SERVICE
Case No. 5:18-CV-2052

US.119881295.01