Andranik Tsarukyan (SBN 258241)
andy@remedylawgroup.com
Armen Zenjiryan (SBN 261073)
armen@remedylawgroup.com
REMEDY LAW GROUP LLP
610 E. Providencia Ave., Unit B
Burbank, CA 91501
Tel: (818) 422-5941

Attorneys for Plaintiff
SEAN R. STAFFORD

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN R. STAFFORD, an individual, | **Case No.: 5:18-cv-02052-PSG-KK** |
| Plaintiff, | [Hon. Philip S. Gutierrez, Courtroom 6A] |
| v. | **FIRST AMENDED COMPLAINT FOR DAMAGES FOR:** |
| THE DOW CHEMICAL COMPANY, a Delaware corporation; and DOES 1 through 100, inclusive, | **1. DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT;** |
| Defendants. | **2. DISCRIMINATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT;** |
| | **3. FAILURE TO PROVIDE A REASONABLE ACCOMMODATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT;** |
| | **4. FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT;** |
| | **5. FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT;** |

6.   **RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT;**

7.   **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**

8.   **FAILURE TO PAY MINIMUM WAGES (Cal. Lab. Code §§ 1194, 1197);**

9.   **FAILURE TO COMPENSATE FOR ALL HOURS WORKED (Cal. Lab. Code § 1198);**

10.  **FAILURE TO PAY OVERTIME WAGES (Cal. Lab. Code §§ 510, 1194, 1198 et seq.);**

11.  **FAILURE TO PROVIDE MEAL PERIODS (Cal. Lab. Code §§ 226.7, 512);**

12.  **FAILURE TO PROVIDE REST PERIODS (Cal. Lab. Code § 226.7);**

13.  **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS (Cal. Lab. Code § 226);**

14.  **WAITING TIME PENALTIES (Cal. Lab. Code §§ 201, 203)**

[DEMAND FOR TRIAL BY JURY]

1.   PLAINTIFF SEAN R. STAFFORD ("PLAINTIFF"), an individual, hereby submits this Complaint for Damages against defendant THE DOW CHEMICAL COMPANY, a Delaware corporation ("DOW CHEMICAL") and DOES 1 through 100, inclusive (collectively, "DEFENDANTS"), and each of them, and alleges as follows:

## JURISDICTION AND VENUE

2.   This Court has jurisdiction over the subject matter of this action pursuant to

2

28 USC § 1332(a)(1) and because the matter in controversy exceeds $75,000, exclusive of interest and costs, it is between citizens of different states, and because DEFENDANTS have certain minimum contacts with the State of California, including employing PLAINTIFF in California, such that the maintenance of the suit in this district does not offend traditional notions of fair play and substantial justice.

3.      Venue in the United States District Court of the Central District of California is proper pursuant to 28 USC § 1391(b)(2) because a substantial part of the events or omissions giving rise to PLAINTIFF'S claims and causes of action occurred in this judicial district, and because DEFENDANTS were subject to personal jurisdiction in this judicial district at the time of the commencement of the action.

## **THE PARTIES**

4.      PLAINTIFF is and at all times relevant hereto was a resident of the State of California, County of Riverside.

5.      DOW CHEMICAL is and at all time relevant hereto was a Delaware corporation, existing, doing business, and employing individuals in the County of San Bernardino, State of California.

6.      DOW CHEMICAL was PLAINTIFF's employer within the meaning of Government Code §§ 12926(d), 12940 (a), (h), (l), (h) (3) (A) and (i), and 12950, and regularly employs five (5) or more persons and is therefore subject to the jurisdiction of this Court.

7.      The true names and capacities, whether individual, corporate, associate, or otherwise of the defendants named herein as DOES 1-100, inclusive, are unknown to PLAINTIFF at this time and therefore said defendants are sued by such fictitious names. PLAINTIFF will seek leave to amend this Complaint to insert the true names and capacities of said defendants when the same become known to PLAINTIFF.  PLAINTIFF is informed and believes and thereupon alleges that each of the fictitiously-named defendant is responsible for the wrongful acts alleged herein and is therefore liable to PLAINTIFF as alleged hereinafter.

FIRST AMENDED COMPLAINT FOR DAMAGES

8.     PLAINTIFF is informed and believes, and based thereupon alleges, that at all times relevant hereto, DEFENDANTS, and each of them, were the agents, employees, managing agents, supervisors, conspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other DEFENDANTS, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employment, alter ego status, and/or joint venture and with the permission and consent of each of the other DEFENDANTS.

9.     PLAINTIFF is informed and believes, and based thereupon alleges, that DEFENDANTS, and each of them, including those defendants named DOES 1-100, acted in concert with one another to commit the wrongful acts alleged therein, and aided, abetted, incited, compelled, and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so.  PLAINTIFF is further informed and believes, and based thereupon alleges, that the DEFENDANTS, and each of them, including those defendants named as DOES 1-100, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to and actually causing PLAINTIFF harm.

10.     Whenever and wherever reference is made in this Complaint to any act or failure to act by a defendant or co-defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each defendant acting individually, jointly and severally.

11.     PLAINTIFF has filed complaints of discrimination, retaliation, and failure to prevent discrimination, harassment, and retaliation under Government Code §§ 12940 *et seq*., the California Fair Employment and Housing Act ("FEHA"), with the California Department of Fair Employment and Housing ("DFEH") and has satisfied his administrative prerequisites with respect to these and all related filings.

## ALTER EGO, AGENCY, AND JOINT EMPLOYER

12.     PLAINTIFF is informed and believes, and based thereon alleges, that there

exists such a unity of interest and ownership between DOW CHEMICAL and DOES 1-100 that the individuality and separateness of DEFENDANTS have ceased to exist.

13.     PLAINTIFF is informed and believes, and based thereon alleges. that despite the formation of purported corporate existence, DOES 1-100 are, in reality, one and the same as DOW CHEMICAL, including, but not limited to because:

a.     DOW CHEMICAL is completely dominated and controlled by DOES 1-100, who personally violated the laws as set forth in this Complaint, and who have hidden and currently hide behind DOW CHEMICAL to circumvent statutes or accomplish some other wrongful or inequitable purpose.

b.     DOES 1-100 derive actual and significant monetary benefits by and through DOW CHEMICAL's unlawful conduct, and by using DOW CHEMICAL as the funding source for their own personal expenditures.

c.     PLAINTIFF is informed and believes that DOW CHEMICAL and DOES l-100, while really one and the same, were segregated to appear as though separate and distinct for purposes of circumventing a statute or accomplishing some other wrongful or inequitable purpose.

d.     PLAINTIFF is informed and believes that DOW CHEMICAL does not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.     PLAINTIFF is informed and believes, and based thereon alleges, that the business affairs of DOW CHEMICAL and DOES 1-100 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. DOW CHEMICAL is, and at all times relevant hereto were, used by DOES 1-100 as a mere shell and conduit for the conduct of certain of DEFENDANTS' affairs, and are, and were, the alter ego of DOES 1-100. The recognition of the separate existence of DOW CHEMICAL would not promote justice, in that it would permit DEFENDANTS to insulate themselves from liability to PLAINTIFF for violations of the Government Code, Labor Code, and other statutory violations.  The corporate

existence of DOW CHEMICAL and DOES 1-100 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to PLAINTIFF herein.

14.   Accordingly, DOW CHEMICAL constitutes the alter ego of DOES 1-100, and the fiction of their separate corporate existence must be disregarded.

15.   As a result of the aforementioned facts, PLAINTIFF is informed and believes, and based thereon alleges that DOW CHEMICAL and DOES 1-100 are PLAINTIFF's joint employers by virtue of a joint enterprise, and that PLAINTIFF was an employee of DOW CHEMICAL and DOES 1-100.  Plaintiff performed services for each and every one of DEFENDANTS, and to the mutual benefit of all DEFENDANTS, and all DEFENDANTS shared control of PLAINTIFF as an employee, either directly or indirectly, in the manner in which DEFENDANTS' business was and is conducted.

## FACTUAL ALLEGATIONS

16.   On or about January 21, 2014, PLAINTIFF, a veteran of the United States Marine Corps, was hired by DEFENDANTS as a Process Operator at its facility in Seadrift, Texas.  On or about October 31, 2016, PLAINTIFF transferred to DEFENDANTS' facility in Rancho Cucamonga, California.  Throughout PLAINTIFF's employment with DEFENDANTS, PLAINTIFF was a diligent, competent, and hard-working employee, with an outstanding record of achievement.

17.   PLAINTIFF'S job duties as  Process Operator was physically demanding and included, but was not limited to, regularly lifting in excess of 50 pounds, pulling heavy hoses, and moving barrels containing chemicals.  It also required climbing numerous stairs, such as climbing the stairs at the rail car platform, the stairs at the loading platform, and the stairs to the top of the storage tank.  Climbing stairs was an essential part of PLAINTIFF'S job.

18.   On or about the morning of September 18, 2017, PLAINTIFF suffered a physical disability, to wit an injury to his right knee requiring continuing treatment by a health care provider (a subsequent MRI revealed that PLAINTIFF suffered a torn medial

meniscus in the right knee).  PLAINTIFF'S right knee immediately buckled, he suffered a sharp pain, and PLAINTIFF began limping.  The result of said disability limited a major life activity of walking and working because PLAINTIFF was no longer able to climb stairs at work and, as indicated above, climbing stairs was an essential part of his job.  Due to his disability, PLAINTIFF also was unable to lift or carry heavy objects, which his job required him to do.  PLAINTIFF informed DEFENDANTS of said disability including informing DEFENDANTS' Human Resources department and PLAINTIFF'S supervisor, Aaron Luxenburg, following which DEFENDANTS suspended PLAINTIFF'S employment.  In contacting DEFENDANTS' Human Resources department and Mr. Luxenburg about his disability, PLAINTIFF requested an accommodation of his disability and sought to engage in the interactive process, all of which are protected activity.  Rather than accommodating PLAINTIFF'S disability and engaging in the interactive process with him, DEFENDANTS suspended PLAINTIFF and terminated his employment.

19.    PLAINTIFF is 58 years old and is informed and based thereon alleges that DEFENDANTS' manager and PLAINTIFF'S supervisor, Aaron Luxenburg, is in his 30s. The three other Process Operators who worked with PLAINTIFF were in their 20s and 30s.  Mr. Luxenburg nitpicked PLAINTIFF'S job performance, assigned him to perform menial tasks and made comments to PLAINTIFF such as you are not a good fit here alluding to the fact that he (Mr. Luxenburg) and the other Process Operators were much younger than PLAINTIFF.  PLAINTIFF also was the highest earning Process Operator among his co-workers at the Rancho Cucamonga facility.   Mr. Luxeburg and DEFENDANTS conspired to suspend and ultimately terminate PLAINTIFF'S employment because of his age, specifically because he was the highest earning Process Operator and because he was not a good fit as indicated to him by Mr. Luxenburg given the age of his much younger co-workers.

20.    On or about October 6, 2017, DEFENDANTS discriminated and retaliated against PLAINTIFF based on his age, complaints of Labor Code violations, disability, and reporting of said disability and by failing to accommodate his disability, failing to engage

in the interactive process, and terminating his employment.

21.     Throughout Plaintiff's employment with DEFENDANTS, PLAINTIFF routinely worked in excess of 8 hours in a work day and in excess of 40 hours in a work week for which he was not paid, including attending mandatory meetings while off the clock.  DEFENDATS required the last operator-employee, who on multiple occasions was PLAINTIFF, to secure the exit door and chain and lock the truck gates to the facility before leaving for the day, causing PLAINTIFF to work well over 8 hours in a workday or 40 hours in a work week for which DEFENDANTS failed to pay overtime wages.

22.     DEFENDANTS failed to record the start and end times of PLAINTIFF'S and other hourly employees' shifts and failed to record the start and end times of PLAINTIFF'S and other hourly employees' meal breaks.  Moreover, DEFENDANTS maintain electronic timesheets and engage in a pattern and practice of improperly, automatically, and falsely recording that PLAINTIFF and other hourly employees worked 8 hours per workday when in fact PLAINTIFF and other hourly employees worked in excess of that.

23.     DEFENDANTS maintain electronic timesheets and engage in a pattern and practice of improperly and automatically auto-deducting a 30-minute meal period PLAINTIFF and other hourly employees allegedly took.  This conduct resulted in DEFENDANTS falsely recording PLAINTIFF's and other hourly employees' actual meal breaks as PLAINTIFF and other hourly employees routinely worked through meal breaks or took late or short meal breaks.

24.     PLAINTIFF and other hourly employees also routinely worked through rest breaks or took late or short rest breaks.

25.     DEFENDANTS required PLAINTIFF and other hourly employees to wear a safety uniform provided through the DEFENDANTS by Cintas.  PLAINTIFF and other hourly employees were provided a locker, locker room, shower facility, and weekly uniforms.  PLAINTIFF and other hourly employees were not allowed to wear uniforms outside of the plant and had to change in and out of uniforms at the plant.  Therefore, the

daily routine included PLAINTIFF and other hourly employees getting dressed for work, showering, and dressing to leave for home.  None of this time was compensated.

26.    DEFENDANTS prohibited PLAINTIFF and other hourly employees from wearing their uniforms outside of the plant.  Therefore, if PLAINTIFF or other hourly employees wanted to leave the plant for his or her meal break, he or she had to change out of uniform to do so and had to change back into uniform upon returning to work.  This scheme resulted in PLAINTIFF and other hours employees from being unable to leave the plant during a meal break.

27.    When PLAINTIFF complained to DEFENDANTS about the aforementioned Labor Code violations, he was told "this was how we always did it," a possible reference to protocol under General Latex Company.

## FIRST CAUSE OF ACTION BY PLAINTIFF FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 *ET SEQ*, AGAINST ALL DEFENDANTS

28.    PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

29.    At all times relevant to this action, PLAINTIFF was employed by DEFENDANTS.

30.    At all times relevant to this action, DEFENDANTS were an employer who regularly employed five or more persons within the meaning of California Government Code § 12926(d).

31.    At all times relevant to this action, PLAINTIFF was a member of a protected class within the meaning of California Government Code §§ 12940(a), 12926(m), because of PLAINTIFF's disability and/or being regarded as disabled and his age.

32.    At all times relevant to this action, DEFENDANTS unlawfully discriminated against PLAINTIFF, as previously alleged, on the basis of, among other things, his disability and/or being regarded as disabled and his age, by terminating him.

33.    DEFENDANTS were substantially motivated to terminate PLAINTIFF because of his disability and/or regarding him as disabled and his age.

34.     As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished.  The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

35.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as he was psychologically injured.  Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

36.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

37.     PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF's rights.  They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF's employment rights were being violated, with the intent to deprive him of employment benefits.  Accordingly, an aware of punitive damages is warranted.

38.     PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

39.     Pursuant to Government Code § 12965(b), PLAINTIFF requests a reasonable

award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION BY PLAINTIFF FOR DISCRIMINATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT AGAINST ALL DEFENDANTS

40.     PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

41.     At all times relevant to this action, PLAINTIFF was employed by DEFENDANTS.

42.     At all times relevant to this action, PLAINTIFF suffered from a serious health condition within the meaning of Government Code §§ 12945.2(c)(8), et seq.

43.     At all times relevant to this action, PLAINTIFF is informed, believes, and thereon alleges that DEFENDANTS were an employer who regularly employed fifty or more persons within the meaning of California Government Code § 12945.2(b)-(c)(2).

44.     At all times relevant to this action, PLAINTIFF had more than 12 months of service with DEFENDANTS, had worked at least 1,250 hours for DEFENDANTS, during the previous 12 months, and had taken less than 12 weeks of leave during the past 12-month period within the meaning of California Government Code § 12945.2(a).

45.     DEFENDANTS unlawfully discriminated against PLAINTIFF because of his serious health condition and medical leave of absence by terminating PLAINTIFF in violation of California Government Code §§ 12945.2(a), 12945.2(t), and 12945.2(l).

46.     DEFENDANTS' decision to terminate PLAINTIFF was substantially motived by his serious health condition and request for accommodation and leave.

47.     As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished.  The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will seek leave of Court to amend this Complaint

to set forth the exact amount when it is ascertained.

48.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as he was psychologically injured.  Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

49.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

50.     PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF's rights.  They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF's employment rights were being violated, with the intent to deprive him of employment benefits.  Accordingly, an aware of punitive damages is warranted.

51.     PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

52.     Pursuant to Government Code § 12965(b), PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

///

///

///

///

## THIRD CAUSE OF ACTION BY PLAINTIFF FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT AGAINST ALL DEFENDANTS

53.    PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

54.    At all times relevant to this action, PLAINTIFF was employed by DEFENDANTS.

55.    At all times relevant to this action, DEFENDANTS were an employer who regularly employed five or more persons within the meaning of California Government Code § 12926(d).

56.    At all times relevant to this action, PLAINTIFF was a member of a protected class within the meaning of California Government Code §§ 12940(a), 12926(m), because of PLAINTIFF's disability and/or being regarded as disabled.

57.    At all times relevant to this action, DEFENDANTS unlawfully failed to provide PLAINTIFF reasonable accommodations in violation of California Government Code § 12926(m) despite the fact that it had actual and constructive knowledge of his disability and need for accommodations, and PLAINTIFF's actual and constructive requests for accommodations.

58.    DEFENDANTS' failure to accommodate PLAINTIFF was substantially motivated by his disability.

59.    As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished.  The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

60.    As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as he was psychologically injured.  Such injuries have caused,

and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

61.    As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

62.    PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF's rights.  They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF's employment rights were being violated, with the intent to deprive him of employment benefits.  Accordingly, an aware of punitive damages is warranted.

63.    PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

64.    Pursuant to Government Code § 12965(b), PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**FOURTH CAUSE OF ACTION BY PLAINTIFF FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT AGAINST ALL DEFENDANTS**

65.    PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

66.    At all times relevant to this action, PLAINTIFF was employed by

FIRST AMENDED COMPLAINT FOR DAMAGES

DEFENDANTS.

67.   At all times relevant to this action, DEFENDANTS were an employer who regularly employed five or more persons within the meaning of California Government Code § 12926(d).

68.   At all times relevant to this action, PLAINTIFF was a member of a protected class within the meaning of California Government Code §§ 12940(a), 12926(m), because of PLAINTIFF's disability and/or being regarded as disabled.

69.   DEFENDANTS unlawfully failed to engage in a timely, good faith interactive process with PLAINTIFF to determine effective reasonable accommodations even though it had actual and constructive knowledge of his disability, in violation of California Government Code § 12940(n).

70.   DEFENDANTS' failure to accommodate PLAINTIFF was substantially motivated by his disability.

71.   As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished.  The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

72.   As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as he was psychologically injured.  Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

73.   As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

74.     PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF's rights.  They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF's employment rights were being violated, with the intent to deprive him of employment benefits.  Accordingly, an aware of punitive damages is warranted.

75.     PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

76.     Pursuant to Government Code § 12965(b), PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FIFTH CAUSE OF ACTION BY PLAINTIFF FOR FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT AGAINST ALL DEFENDANTS

77.     PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

78.     At all times relevant to this action, PLAINTIFF was employed DEFENDANTS.

79.     At all times relevant to this action, DEFENDANTS were an employer who regularly employed five or more persons within the meaning of California Government Code § 12926(d).

80.     California Government Code §§ 12940(k) requires employers to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

81.     DEFENDANTS subjected PLAINTIFF to severe and pervasive retaliation

and discrimination.  PLAINTIFF complained about the discrimination and retaliation, but DEFENDANTS took no action.

82.    DEFENDANTS, and each of them, failed to take all reasonable steps necessary to prevent discrimination, retaliation, and harassment from occurring.   In addition, DEFENDANTS, and each of them, failed to remedy such discrimination and retaliation when DEFENDANTS realized and were informed that it was occurring. DEFENDANTS, and each of them, further failed to train, supervise, and monitor their employees and agents.

83.    DEFENDANTS' failure to prevent discrimination and retaliation created and encouraged an environment where such discrimination and retaliation was condoned, encouraged, tolerated, sanctioned, and/or ratified.

84.    As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished.  The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

85.    As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as he was psychologically injured.  Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

86.    As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

87.    PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with

malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF's rights.  They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF's employment rights were being violated, with the intent to deprive him of employment benefits.  Accordingly, an aware of punitive damages is warranted.

88.     PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

89.     Pursuant to Government Code § 12965(b), PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### SIXTH CAUSE OF ACTION BY PLAINTIFF FOR RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT AGAINST ALL DEFENDANTS

90.     PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

91.     At all times relevant to this action, PLAINTIFF was employed by DEFENDANTS.

92.     At all times relevant to this action, DEFENDANTS were an employer who regularly employed five or more persons within the meaning of California Government Code § 12926(d).

93.     At all times relevant to this action, California Government Code § 12900 *et seq*. were in full force and effect and were binding upon DEFENDANTS.  These sections, *inter alia*, required DEFENDANTS to refrain from discriminating and retaliating against any employee on the basis of disability, regarding him/her as disabled, complaining to DEFENDANTS about activities which PLAINTIFF had reasonable cause to believe were

in violation of a state and/or federal law, medical leave of absence, and request for accommodation, and opposition to conduct related thereto.

94.    DEFENDANTS engaged in conduct that taken as a whole, materially and adversely affected the terms and conditions of PLAINTIFF's employment.

95.    PLAINTIFF's assertion of his rights under California Government Code § 12900 *et seq.* and opposition to unlawful conduct was a substantial motivating reason for DEFENDANTS' decision to retaliate against and terminate PLAINTIFF. DEFENDANTS' conduct was a substantial factor in causing harm to PLAINTIFF as set forth herein.

96.    At all relevant times to this action, DEFENDANTS unlawfully retaliated against PLAINTIFF, in violation of California Government Code § 12940(h), 12940(m)(2), by, among other things, denying him reasonable accommodations, including but not limited to medical leave and ultimately terminating him.

97.    DEFENDANTS' retaliatory treatment, including termination of PLAINTIFF's employment, was substantially motivated by PLAINTIFF's disability, regarding him/her as disabled, his age, complaining to DEFENDANTS about activities which PLAINTIFF had reasonable cause to believe were in violation of a state and/or federal law, medical leave of absence, request for accommodation, and opposition to conduct related thereto.

98.    As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished.  The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

99.    As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as he was psychologically injured.  Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more

than this Court's minimal jurisdiction.

100.   As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

101.   PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF's rights.  They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF's employment rights were being violated, with the intent to deprive him of employment benefits.  Accordingly, an aware of punitive damages is warranted.

102.   PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

103.   Pursuant to Government Code § 12965(b), PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**SEVENTH CAUSE OF ACTION BY PLAINTIFF FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AGAINST ALL DEFENDANTS**

104.   PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

105.   At all times relevant to this action, PLAINTIFF was employed by DEFENDANTS.

106.   At all times relevant to this action, California Government Code § 12900 *et seq.* was in full force and effect and was binding upon DEFENDANTS.   California Government Code § 12900 *et seq.* prohibits DEFENDANTS from discriminating or retaliating against an employee who protests retaliation or discrimination, and from failing to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

107.  DEFENDANTS' conduct as previously alleged was in retaliation for PLAINTIFF's assertion of rights under California Government Code § 12900 *et seq.*

108.   PLAINTIFF's assertion of his rights under California Government Code § 12900 *et seq.* was a substantial motiving reason for DEFENDANTS' decision to terminate PLAINTIFF.   DEFENDANT's conduct was a substantial factor in causing harm to PLAINTIFF as set forth herein.

109.  California Government Code § 12900 *et seq.* evinces a policy that benefits society at large, was well-established at the time of PLAINTIFF's discharge, and is substantial and fundamental.

110.  DEFENDANTS' wrongful termination of PLAINTIFF's employment was substantially motivated by his disability, serious health condition, need for accommodations, and exercise of medical leave, DEFENDANTS' illegal business practices, and opposition to related conduct.

111.   As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished.  The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

112.   As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as he was psychologically injured.  Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more

than this Court's minimal jurisdiction.

113.   As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.   The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

114.   PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF's rights.   They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF's employment rights were being violated, with the intent to deprive him of employment benefits.   Accordingly, an aware of punitive damages is warranted.

115.   PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

## EIGHT CAUSE OF ACTION BY PLAINTIFF FOR FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF LABOR CODE §§1194, 1197 ET SEQ. AGAINST ALL DEFENDANTS

116.   PLAINTIFF realleges and incorporates by reference all the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

117.   At all relevant times, PLAINTIFF was an employee of DEFENDANTS covered by Labor Code sections 1197 and applicable Wage Orders.

118.   Pursuant to Labor Code section 1197 and applicable Wage Orders, PLAINTIFF was and is entitled to receive minimum wages for all hours worked.

119.   Because of DEFENDANTS' unlawful conduct, including but not limited to

failing to record all hours worked, DEFENDANTS failed to pay PLAINTIFF minimum wages for all hours worked in violation of Labor Code section 1197 and applicable Wage Orders.   Because of DEFENDANTS' unlawful conduct, PLAINTIFF has suffered damages in an amount, subject to proof, to the extent he was not paid minimum wages for all hours worked.

120.   Pursuant to Labor Code section 1194 and 1194.2, PLAINTIFF is entitled to recover the full amount of unpaid minimum wages, penalties, prejudgment interest, liquidated damages, reasonable attorneys' fees and costs of suit.

## NINTH CAUSE OF ACTION BY PLAINTIFF FOR FAILURE TO COMPENSATE FOR ALL HOURS WORKED IN VIOLATION OF LABOR CODE § 1198 ET SEQ. AGAINST ALL DEFENDANTS

121.   PLAINTIFF realleges and incorporates by reference all the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein. At all times relevant herein, DEFENDANTS were required to compensate PLAINTIFF for all hours worked upon reporting for work at the appointed time stated by the DEFENDANTS, pursuant to Industrial Welfare Commission Orders, and Labor Code §§ 200, 226, 500, 510, and 1197.

122.   At all times relevant hereto, DEFENDANTS failed to compensate PLAINTIFF for all hours worked by not compensating him for work performed. DEFENDANTS failed to pay minimum wages, DEFENDANTS failed to provide breaks as required by law, DEFENDANTS failed to compensate PLAINTIFF for all overtime worked, DEFENDANTS failed to pay for meal periods, DEFENDANTS did not accurately record hours worked, and DEFENDANTS failed to properly itemize wages.

123.   Under the aforementioned wage order and California law, PLAINTIFF is entitled to recover compensation for all hours worked, but not paid, for the three (3) years preceding the filing of this Complaint, plus reasonable attorneys' fees and costs of suit pursuant to Labor Code § 218.5, and penalties pursuant to Labor Code § 226.

124.   In violation of state law, DEFENDANTS have knowingly and willfully

refused to perform their obligations to compensate PLAINTIFF for all wages earned and all hours worked.  As a direct result, PLAINTIFF has suffered, and continues to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel DEFENDANTS to fully perform their obligation under state law, all to their respective damage in amounts according to proof at time of trial.  DEFENDANTS committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring PLAINTIFF, from improper motives amounting to malice, and in conscious disregard of PLAINTIFF's rights.   PLAINTIFF is thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial.

125.   DEFENDANTS' conduct described herein violates Labor Code §§ 200, 226, 500, 1197 and 1198, and Industrial Welfare Commission Orders.  Therefore, pursuant to Labor Code §§218.5, 226, 558, 1194, and 1194.2, PLAINTIFF is entitled to recover damages for the nonpayment of wages of all hours worked that were improperly deducted by DEFENDANTS' policies, penalties, reasonable attorney's fees, expenses, and costs of suit.  PLAINTIFF requests relief as hereinafter provided.

**TENTH CAUSE OF ACTION BY PLAINTIFF FOR FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF LABOR CODE § 510, 1194, 1198 ET SEQ.  AGAINST ALL DEFENDANTS**

126.   PLAINTIFF realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

127.   At all times relevant to this Complaint, Labor Code section 510(a) was in effect and provided: "Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

128.   At all times mentioned, PLAINTIFF worked for DEFENDANTS during

shifts that consisted or more than eight hours in a work day and/or more than forty hours in a work week and was not paid overtime wages for all overtime hours worked.

129.   Overtime pay is computed based on the regular rate of pay.  The regular rate of pay includes many different kinds of remuneration. Under California law, the determination of regular rate of pay for purposes of determining overtime pay must include the employee's commissions, bonuses, or other non-hourly compensation. Labor Code section 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount if fixed or ascertained by the standard of time, task, piece, commission basis or other methods of calculation."

130.   Accordingly, by requiring PLAINTIFF to work in excess of eight hours per day and/or forty hours per week and without properly compensating overtime wages, as described above, DEFENDANTS willfully violated the provisions of Labor Code section 1194.

131.   Because of the unlawful acts of DEFENDANTS, PLAINTIFF has been deprived of overtime wages in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code sections 1194 and 1199, Code of Civil Procedure section 1021.5, and Civil Code section 3287.

## ELEVENTH CAUSE OF ACTION BY PLAINTIFF FOR FAILURE TO PROVIDE MEAL PERIODS IN VIOLATION OF LABOR CODE § 226.7, 512 AGAINST ALL DEFENDANTS

132.   PLAINTIFF realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

133.   Pursuant to Labor Code section 512, no employer shall employ an employee for a work period of more than five (5) hours without a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30)

FIRST AMENDED COMPLAINT FOR DAMAGES

minutes in which the employee is relieved of all of his or her duties.  PLAINTIFF was not provided with requisite meal periods as contemplated under the law.

134.   Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period or rest period is not provided.

135.   By their failure to provide PLAINTIFF with the meal periods contemplated by California law, and failing to provide compensation for such unprovided meal periods, as alleged above, DEFENDANTS willfully violated the provisions of Labor Code section 512 and applicable Wage Orders.

136.   Because of DEFENDANTS' unlawful conduct, PLAINTIFF has suffered damages in an amount, subject to proof, to the extent he was not paid additional pay owed for missed meal periods.

137.   PLAINTIFF is entitled to recover the full amount of their unpaid additional pay for missed meal periods.  Pursuant to Code of Civil Procedure section 1021.5, PLAINTIFF is entitled to recover the reasonable attorneys' fees and costs of suit.

138.   Pursuant to Civil Code section 3287(a), PLAINTIFF is entitled to recover prejudgment interest on the additional pay owed for missed meal periods.

## TWELFT CAUSE OF ACTION BY PLAINTIFF FOR FAILURE TO PROVIDE REST PERIODS IN VIOLATION OF LABOR CODE § 226.7 AGAINST ALL DEFENDANTS

139.   PLAINTIFF realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

140.   California law and applicable Wage Orders require that employers "authorize and permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work period "or major fraction thereof."  Accordingly, employees who work shifts of three-and-a-half (3 ½) to six (6) hours must be provided ten (10) minutes of paid

rest period, employees who work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest period, and employees who work shifts of more than ten (10) hours must be provided thirty (30) minutes of paid rest period. PLAINTIFF was not provided with requisite rest periods as contemplated under the law.

141.   Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period or rest period is not provided.

142.   By their failure to provide PLAINTIFF with the rest periods contemplated by California law, and failing to provide compensation for such unprovided rest periods, as alleged above, DEFENDANTS willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

143.   Because of DEFENDANTS' unlawful conduct, PLAINTIFF has suffered damages in an amount, subject to proof, to the extent she was not paid additional pay owed for missed rest periods.

144.   PLAINTIFF is entitled to recover the full amount of his unpaid additional pay for missed rest periods.   Pursuant to Code of Civil Procedure section 1021.5, PLAINTIFF is entitled to recover reasonable attorneys' fees and costs of suit.

145.   Pursuant to Civil Code section 3287(a), PLAINTIFF is entitled to recover prejudgment interest on the additional pay owed for missed rest periods.

## THIRTEENTH CAUSE OF ACTION BY PLAINTIFF FOR FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE § 226 AGAINST ALL DEFENDANTS

146.   PLAINTIFF realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

147.   At all relevant times, PLAINTIFF was an employee of DEFENDANTS

FIRST AMENDED COMPLAINT FOR DAMAGES

covered by Labor Code section 226.

148.   Pursuant to Labor Code section 226(a), PLAINTIFF was entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement showing gross wages earned, net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, among other information.

149.   DEFENDANTS failed to provide PLAINTIFF accurate itemized wage statements in accordance with Labor Code section 226(a).

150.   PLAINTIFF is informed and believe and thereon allege that at all relevant times, DEFENDANTS maintained and continue to maintain a policy and practice of issuing wage statements that do not show, among other things, pay due and owing for meal and rest break law violations and hours worked that were not paid. DEFENDANTS' practices resulted and continue to result in the issuance of wage statements to PLAINTIFF that do not comply with the itemization requirements.

151.   DEFENDANTS' failure to provide PLAINTIFF with accurate wage statements was knowing and intentional.  DEFENDANTS had the ability to provide PLAINTIFF with accurate wage statements, but intentionally provided wage statements that DEFENDANTS knew were not accurate.

152.   Because of DEFENDANTS' unlawful conduct, PLAINTIFF has suffered injury.  The absence of accurate information on his wage statements has delayed timely challenge to DEFENDANTS' unlawful pay practices, requires discovery and mathematical computations to determine the amount of wages owed, causes difficulty and expense in attempting to reconstruct time and pay records, and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies.

153.   Pursuant to Labor Code section 226(e), PLAINTIFF is entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay

period, not to exceed an aggregate penalty of $4,000.

154.   Pursuant to Labor Code sections 226(e) and 226(g), PLAINTIFF is entitled to recover the full amount of penalties due under Labor Code section 226(e), reasonable attorneys' fees and costs of suit.

## FOURTEENTH CAUSE OF ACTION BY PLAINTIFF FOR WAITING TIME PENALTIES IN VIOLATION OF LABOR CODE §§201, 203 AGAINST ALL DEFENDANTS

155.   Plaintiff hereby incorporates all other paragraphs of this Complaint herein as if set forth in full.

156.   Pursuant to California Labor Code § 201, if an employer discharges an employee, the wages earned and unpaid at the time of the discharge are due and payable immediately.

157.   Plaintiff was discharged on or about October 6, 2017 and did not receive the wages earned and unpaid at the time of the discharge, including but not limited to overtime compensation.

158.   Defendants, and each of them, willfully refused, and continue to refuse, to pay Plaintiff all wages earned, including overtime compensation and premium wages for missed meal and rest periods, in a timely manner as required by California Labor Code § 203.   Therefore, Plaintiff seeks all available penalties as provided by California Labor Code § 203.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF seeks judgment against DEFENDANTS, and each of them, in an amount according to proof as follows:

1.   For a money judgment representing compensatory damages including lost wages, earnings, commissions, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress; and

FIRST AMENDED COMPLAINT FOR DAMAGES

2.  For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment on this matter.

3.  For punitive damages pursuant to Civil Code §3294 in amounts sufficient to punish DEFENDANTS for the wrongful conduct alleged herein and to deter such conduct in the future;

4.  For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, the Labor Code, and/or any other basis, including but not limited to Labor Code §§226 and 1194; and Code of Civil Procedure 1021.5;

5.  For post-judgment interest;

6.  For premium wages;

7.  For minimum wages;

8.  Liquidated damages for unpaid minimum wages;

9.  Damages for unpaid overtime wages under Labor Code section 1194;

10. Damages for unpaid wages for missed meal periods under Labor Code section 226.7;

11. Damages for unpaid wages for missed rest periods under Labor Code section 226.7;

12. For penalties as required by law, including but not limited to Labor Code §§226, 226.3, and 558;

13. An order requiring Defendants to pay restitution of all amounts owed to Plaintiff for Defendants' failure to pay legally required minimum wage, overtime compensation, business expenses, missed meal periods and missed rest periods.

14. For penalties as required under Labor Code § 226(e);

15. For waiting time penalties pursuant to California Labor Code § 203; and

///

///

FIRST AMENDED COMPLAINT FOR DAMAGES

16.For any other relief as the Court deems just and proper.

DATED:  November 7, 2018            REMEDY LAW GROUP LLP


                                    By:  *Andy Tsarukyan*
                                    _____
                                    Andranik Tsarukyan
                                    Armen Zenjiryan

                                    Attorneys for Plaintiff
                                    SEAN R. STAFFORD


## DEMAND FOR TRIAL BY JURY

PLAINTIFF hereby demands a jury trial of all causes of action and claims with respect to which he has a right to jury trial.


DATED:  November 7, 2018            REMEDY LAW GROUP LLP


                                    By:  *Andy Tsarukyan*
                                    _____
                                    Andranik Tsarukyan
                                    Armen Zenjiryan

                                    Attorneys for Plaintiff
                                    SEAN R. STAFFORD

FIRST AMENDED COMPLAINT FOR DAMAGES